# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

No. 201700052

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## HENRY E. DREYFUS, JR.
Operations Specialist First Class (E-6), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander R. P. Monahan, Jr., JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic,
Norfolk, VA.
Staff Judge Advocate's Recommendation: Commander Irve C.
Lemoyne, JAGC, USN.
For Appellant: Lieutenant Commander Jeremy J. Wall, JAGC, USN.
For Appellee: Commander James E. Carsten, JAGC, USN;
Major Kelli A. O'Neil, USMC.

———————————

Decided 21 November 2017

———————————

Before MARKS, JONES, and WOODARD, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

At a general court-martial, a military judge convicted the appellant, pursuant to his pleas, of two specifications of making false official statements and two specifications of larceny in violation of Articles 107 and 121, Uniform

Code of Military Justice (UCMJ), 10 U.S.C. §§ 907 and 921.[1] A general court-martial composed of officer and enlisted members then convicted the appellant, contrary to his pleas, of making a false official statement, committing fraud against the United States, and obstructing justice in violation of Articles 107, 132, and 134, UCMJ, 10 U.S.C. §§ 907, 932, and 934. The appellant was sentenced to a bad-conduct discharge, confinement for one year, reduction to pay grade E-1, and a $20,000.00 fine. The convening authority (CA) approved the sentence as adjudged and, except for the bad-conduct discharge, ordered the sentence executed.

In his sole assignment of error, the appellant asserts that the court-martial promulgating order does not accurately reflect his pleas or the findings and disposition of all offenses upon which he was arraigned. We agree, and order corrective action in our decretal paragraph. The findings and sentence are otherwise correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

On 3 August 2016, the appellant was arraigned on the following offenses:[2]

Charge I: Violation of the UCMJ, Article 107

Specification 1: (*false official statement*) On or between February 2012 and June 2012, the appellant made a false official statement to a senior chief.

Specification 2: (*false official statement*) On 26 August 2014, the appellant made a false official statement to a Naval Criminal Investigative Service (NCIS) special agent.[3]

Charge II: Violation of the UCMJ, Article 121

Specification: (*larceny*) Between on or about 1 February 2011 and 15 March 2014, on divers occasions, the appellant stole basic allowance for

---

[1] The appellant pleaded guilty by exceptions to making a false official statement to a Naval Criminal Investigative Service special agent. The military judge accepted the appellant's guilty plea, and the excepted language to which the appellant had pleaded not guilty was contested before members.

[2] Record at 22.

[3] Charge I, Specification 2 alleges the appellant made a false official statement to an NCIS special agent concerning: (1) the location of his dependents from late 2009 until March 2014; and (2) whether or not the appellant had sex with MM, a woman not his wife.

housing (BAH) funds and cost of living adjustment (COLA) funds in the amount of $72,960.00.[4]

Charge III: Violation of the UCMJ, Article 134

Specification 1: (*adultery*) Between on or about 7 November 2013 and 29 January 2016, on divers occasions, the appellant wrongfully had sexual intercourse with MM, a woman not his wife.

Specification 2: (*obstructing justice*) Between on or about 9 September 2014 and 1 October 2014, the appellant wrongfully endeavored to influence the actions of Ms. CJ-H.

Specification 3: (*obstructing justice*) Between on or about 1 August 2014 and 30 October 2014, the appellant wrongfully endeavored to influence the actions of Ms. AM.

Specification 4: (*Computer Fraud and Abuse Act*) Between on or about 10 November 2013 and 8 October 2014, on divers occasions, the appellant did violate 18 U.S.C. § 1030(a)(2)(B), a crime or offense, not capital.

Additional Charge I: Violation of the UCMJ, Article 107

Specification 1: (*false official statement*) On 9 December 2008, the appellant signed a false special request/authorization form.

Specification 2: (*false official statement*) On 12 December 2008, the appellant signed a false NAVPERS 1070/602 dependency application/record of emergency data form.

Specification 3: (*false official statement*) On 10 November 2010, the appellant signed a false NAVPERS 1070/602 dependency application/record of emergency data form.

Specification 4: (*false official statement*) On 15 August 2014, the appellant signed a false NAVPERS 1070/602 dependency application/record of emergency data form.

Additional Charge II: Violation of the UCMJ, Article 121

Specification: (*larceny*) Between on or about 6 December 2008 and 31 January 2011, on divers occasions, the appellant stole BAH funds and COLA funds in an amount in excess of $500.00.

Additional Charge III: Violation of the UCMJ, Article 132

Specification: (*fraud against the United States*) On or about 9 December 2008, for the purpose of obtaining the approval of a claim against

---

[4] The dollar amount alleged in the specification was later modified to $69,674.00. Record at 414-16.

the United States, the appellant used a special request/authorization form which contained a statement that was false and fraudulent and was then known by the appellant to be false and fraudulent.

As a result of the pretrial litigation, on 9 August 2016, the military judge dismissed with prejudice specifications 1, 2, and 3 of Additional Charge I.[5] During the next Article 39(a), UCMJ, session on 22 September 2016, the appellant entered pleas of not guilty to all charges and specifications remaining before the court.[6]

On 30 September 2016, the trial counsel withdrew and dismissed without prejudice Specifications 2 and 4 of Charge III.[7] He then modified the numbering and labeling of the specifications on the charge sheet to reflect the offenses which remained before the court.[8]

On 3 October 2016, the appellant reentered his pleas, changing some of his prior not guilty pleas to pleas of guilty.[9] The military judge found the appellant guilty of those offenses to which he had pleaded guilty. The remaining offenses and the language of Specification 2 of Charge I to which the appellant had pleaded not guilty were contested before members. [10]

After entering his findings on the record regarding the appellant's pleas of guilty, the military judge then consolidated the operative language of the sole specification of Charge II into the sole specification of Additional Charge II and conditionally dismissed Charge II and its sole specification without prejudice.[11] The language of the consolidated specification was attached to the record as Appellate Exhibit XLI.

---

[5] Appellate Exhibit XVIII at 9.

[6] Record at 302.

[7] *Id.* at 350.

[8] The trial counsel renumbered Specification 3 of Charge III as Specification 2, and relabeled Specification 4 of Additional Charge I as the sole specification under that charge. *Id.* at 351. For the remainder of the court-martial, these offenses were referred to by all parties in the manner they were labeled on the charge sheet following the trial counsel's modifications.

[9] *Id.* at 353.

[10] During the inquiry into the sole specification of Charge II, both counsel noted that the value of the stolen BAH and COLA was in error. Without objection, the trial counsel amended the value alleged in the specification to $69,740.00. *Id.* at 415-16. The military judge allowed the appellant to reenter his plea of guilty to the amended specification. *Id.* at 422.

[11] *Id.* at 422-25.

At the conclusion of the government's case on the merits, the military judge, pursuant to RULE FOR COURTS-MARTIAL (R.C.M.) 917, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), entered findings of not guilty to Specification 2 of Charge III[12] and the language in Specification 2 of Charge I to which the appellant had pleaded not guilty.[13] The members then convicted the appellant of all remaining offenses.[14]

The court-martial promulgating order in the appellant's case was published on 1 February 2017 and incorrectly reflects only those offenses pending before the court on 3 October 2016.

## II. DISCUSSION

An appellant is entitled to an official record accurately reflecting the results of his proceedings. *United States v. Crumpley,* 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1989).

Court-martial promulgating orders are the mechanism by which the results of a court-martial and any actions by the CA or higher authorities on the record are published. R.C.M. 1114(a)(2). At a minimum, a court-martial promulgating order must contain the following information: (1) the type of court-martial and the convening command; (2) a summary of *all charges and specifications on which the appellant was arraigned*; (3) the *appellant's pleas*; (4) the findings or *disposition of all charges and specifications on which the appellant was arraigned*; (5) if adjudged, the sentence; and (6) a summary of the action taken by the CA in the case. R.C.M. 1114(c)(1).

The promulgating order:

- does not accurately reflect that the military judge consolidated the operative language of the sole specification of Charge II into the sole specification of Additional Charge II and conditionally dismissed Charge II and its sole specification without prejudice;

- does not contain a summary of specifications 2 and 4 of Charge III, the appellant's pleas of 22 September 2016 to these offenses, or the disposition of these offenses;

- does not contain a summary of specifications 1, 2, and 3 of Additional Charge I, or the disposition of these offenses; and

---

[12] *Id.* at 1369.

[13] *Id.* at 1370.

[14] *Id.* at 1511.

- inaccurately summarizes the offense to which the appellant pleaded and was found guilty of violating in the sole specification of Additional Charge II; instead it reflects the consolidated language of the sole specifications of Charge II and Additional Charge II without noting it is a consolidated specification.[15]

We find the court-martial promulgating order in error because it does not comply with the requirements of R.C.M. 1114(c)(1). The court-martial promulgating order should have reflected a summary of all offenses for which the appellant was arraigned on 3 August 2016—not just those offenses before the court on 22 September 2016 or 3 October 2016—his pleas, if any, to those offenses, and the findings and disposition of those offenses. We review this error under a harmless-error standard. *Crumpley,* 49 M.J. at 539.

We find that the errors in the court-martial promulgating order "did not affect the appellant's substantial rights, since no prejudice was alleged or apparent. [However, the a]ppellant is entitled to have [his] official records correctly reflect the results of [his] proceeding." *Id.* Accordingly, we order correction.

## III. CONCLUSION

The findings and sentence, as approved by the CA, are affirmed. However, the supplemental promulgating order shall correctly reflect a summary of all offenses, and the pleas, findings, and disposition of all charges and specifications for which the appellant was arraigned on 3 August 2017.

To aide in the publication of the supplemental promulgating order, we note that at the conclusion of the appellant's court-martial the following is the accurate accounting of his pleas and the findings and disposition of all offenses upon which he was arraigned:

Charge I: Violation of the UCMJ, Article 107

    Plea: Guilty.

    Finding: Guilty.

    Specification 1: (*false official statement*)

        Plea: Not Guilty.

---

[15] After the military judge found the appellant guilty of Charge II and its sole specification, citing *United States v. Thomas,* 74 M.J. 563, 570 (N-M. Ct. Crim. App. 2014), he merged the operative language of the offense into the sole specification of Additional Charge II, and conditionally dismissed Charge II and its sole specification. Record at 422-25.

Finding: Guilty.

Specification 2: (*false official statement*)

Plea: Guilty by exceptions.

Finding: Guilty except for the words "and I have never had sex with Operation Specialist First Class [MM], U.S. Navy"—of the excepted language, not guilty. The finding of not guilty to the excepted language was the result of the military judge's R.C.M. 917 ruling.

Charge II: Violation of the UCMJ, Article 121

Plea: Guilty.

Finding: Guilty.

Disposition: After findings, the charge was conditionally dismissed without prejudice by the military judge.

Specification: (*larceny*)

Plea: Guilty.

Finding: Guilty.

Disposition: After findings, the specification was conditionally dismissed by the military judge and the operative language of the specification was consolidated into the sole specification of Additional Charge II.

Charge III: Violation of the UCMJ, Article 134

Plea: Not guilty.

Finding: Guilty.

Specification 1: (*adultery*)

Plea: Not guilty.

Finding: Not guilty as a result of the military judge's R.C.M. 917 ruling.

Specification 2: (*obstructing justice*)

Plea: Not guilty.

Finding: No finding was entered.

Disposition: The offense was dismissed without prejudice by the trial counsel on 30 September 2016.

Specification 3: (*obstructing justice*)

Plea: Not guilty.

Finding: Guilty.

Specification 4: (*Computer Fraud and Abuse Act*)

Plea: Not guilty.

Finding: No finding was entered.

Disposition: The offense was dismissed without prejudice by the trial counsel on 30 September 2016.

Additional Charge I: Violation of the UCMJ, Article 107

Plea: Guilty.

Finding: Guilty.

Specification 1: (*false official statement*)

Plea: No plea was entered.

Finding: No finding was entered.

Disposition: The offense was dismissed with prejudice by the military judge on 9 August 2016.

Specification 2: (*false official statement*)

Plea: No plea was entered.

Finding: No finding was entered.

Disposition: The offense was dismissed with prejudice by the military judge on 9 August 2016.

Specification 3: (*false official statement*)

Plea: No plea was entered.

Finding: No finding was entered.

Disposition: The offense was dismissed with prejudice by the military judge on 9 August 2016.

Specification 4: (*false official statement*)

Plea: Guilty.

Finding: Guilty.

Additional Charge II: Violation of the UCMJ, Article 121

Plea: Guilty.

Finding: Guilty.

Specification: (*larceny*)

Plea: Guilty.

Finding: Guilty.

Disposition: Following his entry of findings, the military judge consolidated the operative language from the sole specification of Charge II into the language of this offense

Additional Charge III: Violation of the UCMJ, Article 132

Plea: Not guilty.

Finding: Guilty.

Specification: (*fraud against the United States*)

Plea: Not guilty.

Finding: Guilty.

For the Court



R.H. TROIDL
Clerk of Court